IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLIE LEE GARY,            )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:17cv1018
                             )
IRS SERVICES, et al.,        )
                             )
          Defendants.        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff Charlie Lee Gary's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application") (Docket Entry 1), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant Plaintiff's Application for the limited purpose of recommending dismissal.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the <u>in</u> <u>forma</u> <u>pauperis</u> statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  <u>Nagy</u>, 376 F.3d at 256-57 (some internal quotation marks omitted).  The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  <u>Denton v. Hernandez</u>, 504 U.S. 25,

32-33 (1992) (internal citations and quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Although pro se filings are "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]he liberal construction which [courts] are obliged to afford a pro se complaint is not without bounds," Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 290 (4th Cir. 2013). "Admittedly, pro se complaints represent the work of an untutored hand requiring special judicial solicitude. Nevertheless, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. . . . [J]udges are not mind readers, and the principle of liberal construction does not require them to conjure up questions never presented to them . . . [or to] construct full-blown claims from sentence fragments." Id. at 290-91 (internal citations and quotation marks omitted).

Here, Plaintiff's Complaint sets out unclear and implausible allegations. The Complaint consists of a standard pro se "Complaint for a Civil Case" form, a form used for filing claims against the United States under the Federal Tort Claims Act ("FTCA"), Plaintiff's birth certificate, and various utility and insurance bills in Plaintiff's name. (See Docket Entry 2 at 1-

12.)[1] On the complaint form, as a basis for federal question jurisdiction, Plaintiff wrote "Birth Rite with Every Federal Statutes + Federal Treaties of the US Constitution." (Docket Entry 2 at 3.)[2] Under the form's "Statement of Claim" section, Plaintiff asserted "Never received thru Birthrite Clauses. 66 years today!" (Id. at 4.) The attached FTCA form further does not clarify Plaintiff's claims, as, in the "Basis of Claim" section, Plaintiff alleged that "[g]ifts sent from Empire World through international waters from Royal Court, Scotland United Kingdom, Athens Greece never came to [his] hand address." (Id. at 6.) Asked to describe the damaged property, Plaintiff first listed "[g]uns from Israel-Germany, Cattle from Poland, England, India, Egypt, Scotland other countries." (Id.) The remainder of the form similarly consists of lists of objects and names with little context given. (See id.) Finally, in the section labeled "Amount of Claim (in dollars)," Plaintiff demanded "250,000,000,000" and "10 octill[io]n" (id.), the latter of which constitutes a number orders of magnitude greater than the global money supply.

Ultimately, the nature of Plaintiff's claims remains largely obscure, and the Court need not "construct full-blown claims from [these] sentence fragments." Stratton, 521 F. App'x at 291. To

---

[1] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

[2] Nonstandard grammar, spelling, and word usage appear here as in the original text.

-4-

the extent the Court can discern the claims, they plainly appear "fanciful, fantastic, and delusional," Denton, 504 U.S. at 33 (internal citations and quotation marks omitted). Plaintiff seems to claim exorbitant damages for the loss of "birthright gifts" from all over the world (see Docket Entry 2 at 3-6), an allegation that "rises to the level of the irrational [and] the wholly incredible," Denton, 504 U.S. at 33. In sum, Plaintiff's Complaint qualifies as frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 15, 2017